IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00989-GPG

ASHLEY MCDANIEL
TONYA MCDANIEL,

  Plaintiffs,

v.

CITY AND COUNTY OF DENVER,
DENVER DISTRICT ATTORNEY,
INTERNAL AFFAIRS,
INDEPENDENT MONITOR,
GLEN LEVY,
DIANE ARAGON,
OFFICER CHERLY SMITH,
OFFICER W. BOHM, badge number 13070,
OFFICER LITTLE, badge number 07040,
DETECTIVE LORI FREUND,
JUDGE KENNETH LAFF,

  Defendants.

---

**ORDER OF DISMISSAL**

---

  Plaintiffs, Ashley McDaniel and Tonya McDaniel, reside in Denver, Colorado.  On

May 8, 2015, they submitted a Complaint asserting nineteen (19) claims against twelve

(12) defendants. (ECF No. 1).  They have also both submitted Applications to Proceed

in District Court without Prepaying Fees or Costs. (ECF Nos. 2 and 4).  On May 13,

2015, as part of the Court's review pursuant to D.C.COLO.LCivR 8.1(a), the Court

ordered Plaintiffs to cure certain designated deficiencies. (ECF No. 5).  Specifically, the

Court ordered Plaintiffs to submit a Complaint that included original signatures of both

Plaintiffs, that was complete and included all sections (including Jurisdiction and

addresses for the Parties), that the names in the caption should match the names in the

Complaint, and that the confusing supplementary information attached to the Complaint should not be contradictory to the Complaint and should be clearly identified as exhibits. (*Id.*).

In response to the Court's order, on June 15, 2015, the Plaintiffs filed a Motion to Amend (ECF No. 6) along with a proposed document (ECF No. 6-1).  On June 17, 2015, the Court reviewed the documents and found that they were still deficient.  The Court issued a Second Order to Cure Deficiencies (ECF No. 7), specifically instructing the Plaintiffs to submit an entire Complaint, including all sections, on the current court-approved form, along with any exhibits, which should be clearly labeled.  Plaintiffs were informed that the Court was giving them one additional opportunity to cure deficiencies because it appeared that they were attempting to comply with the Court's directions.

On July 17, 2015, Plaintiffs submitted another Amended Complaint. (ECF No. 8). However, the Complaint is still deficient.  Plaintiffs' Amended Complaint does not include original signatures by both the Plaintiffs.  Plaintiff Ashley McDaniel signed the Amended Complaint, but there is no signature from Plaintiff Tonya McDaniel.  (ECF No. 8 at 28).  Further, the caption of the Amended Complaint includes eleven (11) defendants, yet the "parties" section of the Amended Complaint includes twelve (12) defendants.  Adding to the confusion, on the same day Plaintiffs filed the Amended Complaint, they also filed an "Application for Temporary Restraining Order and Preliminary Injunction" (ECF No. 9) apparently attempting to enjoin the District Two Police Department from doing something.  But, the District Two Police Department is not listed as a Defendant in the caption of the Amended Complaint.

The deficiencies in the current Amended Complaint are similar to deficiencies previously noted by the Court after reviewing Plaintiffs' first Complaint.  The Plaintiffs

received notice in the Court's May 13, 2015 Order to Cure (ECF No. 5) that the

Complaint must include original signatures by the Plaintiffs and that the names in the

caption must match names in the text of the Complaint.

In both of the Court's Orders to Cure (ECF Nos. 5, 7), the Court warned Plaintiffs

that if they failed to cure the designated deficiencies as directed, within the time

allowed, the action would be dismissed without further notice.  Plaintiffs have failed to

cure the designated deficiencies after receiving two separate opportunities to do so.

Therefore, the action will be dismissed without prejudice pursuant to Rule 41(b) of the

Federal Rules of Civil Procedure for failure to comply with a Court order and cure the

designated deficiencies as directed.  Although the text of Rule 41(b) requires a

defendant's motion to dismiss, "the Rule has long been interpreted to permit courts [as

here] to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with

the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3

(10th Cir. 2003).

The Court has allowed Plaintiffs two opportunities to cure deficiencies and

defects in their filings.  However, the Court will not tolerate abuse of its limited judicial

resources by *pro se* litigants who initiate actions and then fail to comply with Court

orders to cure the defects in their filings.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied

for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962).  If

Plaintiffs file a notice of appeal they must also pay the full $505 appellate filing fee or file

a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in

accordance with Fed. R. App. P. 24.  Accordingly, it is

**ORDERED** that the Amended Complaint and the action are DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the court's orders and failure to cure the deficiencies.  It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is DENIED.

DATED at Denver, Colorado, this   23rd   day of July, 2015.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court